# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MICHAEL C. RUFFIN,

    Plaintiff,

vs.                                     Case No.: 4:09cv325-SPM/WCS

ROBIN F. FREEMAN-LOHAN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint, doc. 7. Plaintiff's complaint has been reviewed as is required by § 1915(b)(1)(A).

Plaintiff is suing the Assistant State Attorney, Robin Freeman-Lohan, who prosecuted him in 1997. Doc. 7. Plaintiff alleges that Defendant produced "no physical evidence," failed to provide a victim, and failed to show the "essential elements of charged crime." Plaintiff also alleges the Defendant "adduced false statements" and testimony.

Plaintiff was convicted of armed robbery with a firearm and sentenced to eleven years in prison. The appeal process took many years, but Plaintiff was eventually granted a new trial. Instead of again trying the case against Plaintiff, the State dismissed the charges.

Plaintiff seeks damages stemming from his conviction and alleged wrongful incarceration. Plaintiff brings a claim for malicious prosecution "for commencing and continuing criminal proceedings" against him in "reckless disregard for Plaintiff's constitutional rights." Id. Plaintiff also seeks to bring a state law claim for the intentional infliction of emotional distress. Id.

Plaintiff was previously advised that prosecutors are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). Such actions include "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431, 96 S. Ct. at 995. Even if a prosecutor "knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).

All of Plaintiff's claims are against the Defendant for conduct performed as an advocate of the State and in pursuit of a criminal prosecution. A prosecutor is protected by absolute immunity for such claims. Jones v. Cannon, 174 F.3d 1271 (11th Cir. 1999); *see also* Buckley v. Fitzsimmons, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d. 209 (1993) (explaining when prosecutors are protected by absolute immunity or only

qualified immunity); Burns v. Reed, 500 U.S. 478, 492 111 S.Ct. 1934, 1942 (1991) (same). Thus, Plaintiff's second amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

This Court could decline to exercise supplemental jurisdiction over Plaintiff's supplemental state law claim for the intentional infliction of emotion distress. See 28 U.S.C. § 1367(d)(3).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 7, be **DISMISSED** for seeking monetary relief against a defendant who is immune from such relief, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2009.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**